Roland Garza HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-81-00103-CR.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.

Rehearing Denied Jan. 18, 1982.

---

1. State's Exhibit 6 was the check that was the subject of the offense stated in the indictment.

Henry Bettran, San Antonio, for appellant.

Bill White, Dist. Atty., Linda S. McDonald, Asst. Dist. Atty., San Antonio, for appellee.

OPINION

Before ESQUIVEL, BUTTS and CANTU, JJ.

BUTTS, Justice.

This is an appeal from a conviction for robbery. The jury assessed punishment, enhanced by a prior conviction, at imprisonment for life. The sufficiency of the evidence is not challenged on appeal.

In his initial ground of error appellant contends that the trial court committed fundamental error by submitting a jury charge which contained appellant's cause number in the primary case, No. 79–CR–1602B, as well as appellant's cause number the case involving the second victim, Alvino Medillin, arising from the same transaction, No. 79–CR–1508B. Further, in what appears to be a multifarious count in the same ground, appellant complains of the trial court's failure to remove from the jury charge the instructions which applied the law to the facts of the Medillin case. He asserts that this, too, was fundamental error.

The record reflects that appellant was indicted for two offenses arising from the same transaction. Cause No. 79–CR–1508B was robbery by threat to Medillin, Tex.Penal Code Ann. § 29.02(a)(2) (Vernon 1974). Cause No. 79–CR–1602B was robbery by bodily injury to Gilbert Lozano.

Tex.Penal Code Ann. § 29.02(a)(1) (Vernon 1974).

The two cases were set for trial jointly on September 24, 1979. The record shows that both indictments were read to the jury. After announcing ready for trial in both cases, the State offered no evidence in the Medillin case because the complaining witness could not be located. When the State rested, appellant moved for an instructed verdict. The trial court granted the motion. Further, the record discloses that oral objection was made to the part of the jury charge which applied the law to the facts in the Medillin robbery, paragraph V of the charge. The trial judge stated that he would remove the paragraph from the charge. However, this was not done. Appellant made no written objection. The jury charge was submitted with paragraph V intact. Appellant argues that he was thereby denied a fair and impartial trial.

In order to complete the record this court directed the clerk of the trial court to certify and send to us the verdict form and judgment in the Medillin case.[1] After examination, we find that the careful trial judge, in writing, instructed the jury to return a verdict of not guilty as to Medillin. The filemark demonstrates that both verdicts were recorded at approximately the same time on September 26, 1979.

Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981) provides:

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17, and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.

1. Tex.Code Crim.Pro.Ann. art. 40.09(15) states:
    Whenever the trial court is of the opinion that original papers or exhibits should be inspected by the appellate court or sent to the appellate court in lieu of copies, it may make such order therefor and for the safekeeping,

We find nothing in the record to indicate how the action of the trial court harmed the appellant or denied him a fair and impartial trial. Appellant made no bill of exception for the record on appeal. See Tex.Code Crim.Pro.Ann. art. 40.09(6)(a), (b) (Vernon 1979). We find that nothing is presented for review. Fletcher v. State, 164 Tex. Cr.R. 321, 298 S.W.2d 581, 583 (1957). Further, our examination of the jury charge as a whole does not reveal fundamental error. White v. State, 610 S.W.2d 504, 507 (Tex. Crim.App.1981).

■ At the punishment phase of the trial the State introduced a "pen packet" over appellant's objection. The contents included evidence of a judgment for robbery, wherein the appellant had been placed on probation in 1970. It included a motion to revoke that probation in 1976, the basis of which was the commission of the offense of burglary. On the same date both the revocation of probation and the plea of guilty in the burglary case were heard, and the appellant was sentenced, with the robbery and burglary sentences to run concurrently. The appellant objected that there was evidence "concerning a burglary matter where apparently it was a burglary of a building with intent to commit theft and the enhancement in this case is a robbery case .... This Exhibit has reference to a burglary all throughout it." In overruling this objection, the trial court stated, "... the State had the right not only to present the, prove the allegations of the repeater count in the Indictment, but any convictions are admitted for purposes of punishment." This court holds that the two final convictions were properly admitted into evidence and that there was no evidence of an inadmissible extraneous offense in violation of Tex.Code Crim.Pro.Ann. art. 37.07(3)(a) (Vernon 1974).

transportation and return thereof as it deems proper. The appellate court on its own initiative may direct the clerk of the trial court to send to it any original paper or exhibit for its inspection.

■ Appellant argues for the first time on appeal that the admission of the "pen packet" in its entirety was fundamental error, as was proof of the violation of probation. We do not agree with these contentions. Appellant should have voiced the specific objections.[2] If only a portion of the offered evidence in the "pen packet" is inadmissible, objection must be properly directed to the objectionable part. *Alvarez v. State*, 536 S.W.2d 357 (Tex.Crim.App.1976). The objection presented on appeal must comport with the objection at trial. *Hightower v. State* (No. 61,119, decided 11/18/81 Tex.Crim.App.); *Nelson v. State*, 607 S.W.2d 554, 555 (Tex.Crim.App.1980). The error, if any, is not before us for review. *Simpkins v. State*, 590 S.W.2d 129, 135 (Tex.Cr.App.1979).

We have considered the arguments advanced by appellant in his two pro se briefs and find them to be without merit.

The judgment is affirmed.

**2.** *Compare Baehr v. State*, 615 S.W.2d 713, 716–717 (Tex.Crim.App.1981), wherein defendant objected to the following exhibits admitted into evidence at the punishment phase: a deferred adjudication order, a motion to revoke probation, and an order revoking probation. The court held it was reversible error for these documents to be considered by the jury over defendant's valid objection.