Darrell Keith **GUIDRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–94–00054–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 7, 1995.

Decided March 23, 1995.

Opinion Overruling Motion for
Rehearing April 20, 1995.

Kaylin D. Kluge, Law Office of Don Cooksey, Texarkana, for appellant.

Randal Lee, Crim. Dist. Atty., Susan Bleil, Asst. Dist. Atty., Linden, for appellee.

Before CORNELIUS, C.J., and GRANT and BLEIL, JJ.

## OPINION

GRANT, Justice.

Darrell Keith Guidry appeals a conviction for indecency with a child. He was found guilty by a jury and sentenced to twenty-five years' confinement.

Guidry contends that (1) he received ineffective assistance of counsel, (2) there was insufficient evidence to support a conviction for indecency with a child, and (3) the trial court erred by not allowing him to present evidence of jury misconduct at the hearing on the motion for new trial.

The State alleged that Guidry showed A.G. (a child) his penis and forced her to touch it. It further alleged that he showed J.G. (another child) his penis and forced her to touch it. Guidry was arrested and tried for four counts of indecency with a child. These included exposure to A.G., sexual contact with A.G., exposure to J.G., and sexual contact with J.G.

By his first point of error, Guidry contends that the trial court erred in finding that he received effective assistance of counsel. He specifically complains that counsel erred by

(1) failing to investigate, (2) offering the testimony of a witness helpful to the prosecution, (3) failing to make a motion that the jury not be allowed to separate, (4) failing to move for a mistrial upon the State's dismissal of three of the four counts of the indictment, (5) failing to object to the erroneous jury charge, (6) failing to object to irrelevant and prejudicial evidence, and (7) failing to make a motion for directed verdict.

Guidry raises this point of error under the United States and Texas Constitutions. We address these issues together because Texas has adopted the *Strickland*[1] test, which is used for application of the federal constitution. *See Butler v. State,* 872 S.W.2d 227, 241 (Tex.Crim.App.1994).

In determining whether the assistance of counsel was effective in a criminal prosecution, we look at the trial as a whole, not at isolated incidents. *Moore v. State,* 694 S.W.2d 528 (Tex.Crim.App.1985). The effectiveness of counsel—retained or appointed— is judged by a single standard: reasonably effective assistance. *Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Crim.App.1974). In reviewing claims of a denial of the constitutional right to effective assistance of counsel, we apply the two-part test set forth in *Strickland* and *Butler.* The *Strickland* test requires an accused to show that his counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. In meeting the second criterion, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ex parte Wilson,* 724 S.W.2d 72 (Tex.Crim.App.1987).

Guidry first argues that trial counsel failed to investigate. He posits that counsel could not recall whether he had investigated where Guidry had been earlier on the day of the offense. The Texas Court of Criminal Appeals stated in *Ex parte Raborn* that an independent factual investigation is an essential element of effective assistance of counsel. *Ex parte Raborn,* 658 S.W.2d 602, 605 (Tex.

---

1. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Crim.App.1983). Guidry points to one area which counsel could not remember investigating. He failed to show how this information was material. This does not demonstrate that counsel failed to conduct an independent factual investigation of the alleged offense.

■ Guidry also contends that trial counsel was ineffective because he failed to determine and use at trial the fact that Guidry had a gold ring pierced through his penis. During a post-trial hearing, Guidry and his wife testified that he had a pierced penis with a gold ring. Guidry testified, however, that he only told trial counsel that he had an "ace in the hole" but did not explain what that was. The State aptly points out that it would be unreasonable to expect counsel to even consider the extremely unlikely possibility that a defendant would have a penis ring, if in fact he actually had one at that time. Counsel was not negligent in failing to discover Guidry's penis ring.

■ As further evidence of ineffective assistance of counsel, Guidry posits that trial counsel did not interview Ricky Johnson. Ricky Johnson was the first person whom A.G. told about the offense. Guidry contends that there was evidence that Johnson was drinking the day that he was told of the offense. Guidry, however, presents no showing, save his accusation, that Johnson was drinking. The record shows that counsel did have access to Johnson's written statement made to police.

■ Guidry next argues that at trial counsel offered the testimony of a witness helpful to the prosecution. Officer Bill Page testified that children rarely lie about these types of events; however, Page also testified as an expert that children sometimes do make false accusations of molestation. As a matter of trial strategy, counsel may have believed that the testimony would have helped more than harmed in this particular case.

■ Guidry also argues that trial counsel failed to make a motion that the jury not be allowed to separate. After the jury was given the charge, they were allowed to separate for the night. Trial counsel could have requested that the jury be sequestered pursuant to Article 35.23 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC. ANN. 35.23 (Vernon Supp.1995). This may have been a trial tactic by counsel.

■ Guidry further argues that trial counsel erred by failing to move for a mistrial when the State dismissed three of the four counts of the indictment. The initial indictment with four counts was read to the jury. Three of these four charges were dismissed by the district attorney during the trial. Guidry contends that these indictments violated TEX.R.CRIM.EVID. 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

An extraneous offense is an offense other than the offense charged. *Parks v. State,* 746 S.W.2d 738 (Tex.Crim.App.1987). A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense. TEX.CODE CRIM.PROC.ANN. art. 21.24(b) (Vernon 1989). Evidence of an appellant's commission of the offense charged in one count is not extraneous to the offense charged in a second count of the same indictment. *Linder v. State,* 828 S.W.2d 290, 294 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). Therefore, Guidry was not entitled to a mistrial upon dismissal of three of the four counts.

■ Guidry next argues that trial counsel failed to object to an erroneous jury charge. Guidry's indictment alleges the two theories of sexual contact and exposure, and the charge to the jury tracked the statute and defined indecency with a child as exposure or sexual contact, the same two theories. Guidry alleges, however, that the theory of sexual contact was dropped during the course of the trial. Guidry did not, however, indicate where in the record the charge of indecency with a child based on sexual contact was dropped by the State. He directs our attention only to the verdict, which is irrelevant to this argument. It is proper to indict on two theories in the conjunctive and charge the jury in the disjunctive. *Sidney v. State,* 560 S.W.2d 679 (Tex.Crim.App.1978).

We find no error to which counsel could have objected.

Next Guidry argues that trial counsel erred in failing to preserve a true and correct record. The record indicates that the jury sent a note back to the court. The contents of the note are not in the record. Guidry contends that counsel violated Article 36.27 of the Code of Criminal Procedure in failing to preserve this note for the record. Article 36.27 provides, however, that the communication "shall be a part of the record," but the article does not provide that the defense counsel is responsible for this duty. TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 1981). Guidry has not shown that counsel erred in failing to preserve the note from the jury.

Guidry also argues that trial counsel failed to object to irrelevant and prejudicial evidence. J.G. testified that Guidry offered her money if she would let him touch her. At the time the evidence was presented, one count of the indictment alleged the offense of indecency with a child, with J.G. This evidence was not, therefore, irrelevant and unfairly prejudicial.

Finally, Guidry argues that trial counsel failed to make a motion for directed verdict. He fails to say on what basis such a motion should have been made. A motion for directed verdict is generally appropriate where the State fails to present any evidence in support of the charged offense. *Hernandez v. State*, 626 S.W.2d 876, 878 (Tex.App.—San Antonio 1981, no pet.). In the case at bar, the State presented evidence in support of the charged offense of indecency with a child.

The first prong of Strickland requires the defendant to show that his representation fell below an objective standard of reasonableness. The conduct of the trial as a whole was professionally managed by counsel. Guidry's counsel conducted voir dire and made opening and closing arguments. Counsel's actions at trial showed a familiarity with the facts as he cross-examined witnesses and put on evidence. Finally, trial counsel testified that he spent over 100 hours in preparation for this trial, which was more than he would have spent on the average felony case. Although counsel may have made mistakes, the totality of counsel's representation of Guidry did not fall below an objective standard of reasonableness.

Even if the representation did fall below the standard, there is no showing that it prejudiced the defense. None of Guidry's contentions is supported by a showing of how it would affect the outcome of the case. Guidry failed to show that there was a reasonable probability that, but for counsel's errors, the result of the trial would have been different. This point of error is overruled.

In his second point of error, Guidry contends that there was insufficient evidence to support a conviction for indecency with a child. This point might fairly be said to question whether the evidence is both legally and factually sufficient to support the verdict.

In reviewing the legal sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 160 (Tex.Crim.App.1991). In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is against the great weight of the evidence. *Adelman v. State*, 828 S.W.2d 418 (Tex.Crim.App. 1992); *see Bigby v. State*, 892 S.W.2d 864 (Tex.Crim.App.1994).

Indecency with a child requires sexual contact with a child, which is defined as any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. TEX.PENAL CODE ANN. §§ 21.01(2), 21.11(a)(1) (Vernon 1994); *see Easter v. State*, 867 S.W.2d 929 (Tex.App.—Waco 1993, pet. ref'd).

Guidry argues that there was no evidence of intent to satisfy any sexual desire, which is a required element of the offense. A culpable mental state is nearly always proven by circumstantial evidence.

*Warren v. State,* 797 S.W.2d 161, 164 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). One's acts are generally reliable circumstantial evidence of one's intent. *Jernigan v. State,* 706 S.W.2d 813, 821 (Tex.App.—Fort Worth 1986, pet. ref'd). A.G. testified that Guidry showed her his penis and forced her to touch it. She further testified that after exposing himself, he told her to keep it a secret. He then gave her a quarter, kissed her, and offered money in the future if she would touch his penis. This is ample evidence for a jury to conclude that Guidry acted with the intent to satisfy his sexual desire. This point of error is overruled.

In his third point of error, Guidry contends that the trial court erred in not allowing him to present evidence of jury misconduct at the hearing on the motion for new trial. At the allotted time for the hearing on Guidry's motion for new trial, the trial court refused to hold the hearing because the motion was not accompanied by affidavits.

Guidry concedes that no affidavits showing jury misconduct were attached to the motion for new trial or to the amended motion for new trial. He argues, however, that affidavits are not required. He also argues in the alternative that jury members were present to testify at the hearing on the motion and that this is better than an affidavit.

▮▮▮▮ Each side addresses Texas Rule of Civil Procedure 327(a). This rule is inapplicable to this case. When the Texas Code of Criminal Procedure fails to provide a rule of procedure, the rules of the common law shall be applied and govern. TEX.CODE CRIM. PROC.ANN. art. 1.27 (Vernon 1977). Case law indicates that, to avoid fishing expeditions, the motion for new trial should be supported by an affidavit showing the truth of the grounds of attack. *See State v. Davenport,* 866 S.W.2d 767, 772 (Tex.App.—San Antonio 1993, no pet.). If the motion for new trial alleging jury misconduct is not verified and no affidavits are filed to support it, the trial court is justified in overruling the motion. *Hicks v. State,* 75 Tex.Crim. 461, 171 S.W. 755 (1913). An affidavit which is not verified is insufficient to require a hearing thereon. *Bearden v. State,* 648 S.W.2d 688 (Tex.Crim. App.1983).

▮▮▮ In the case at bar, Guidry's motions for new trial were not sworn, nor were the motions accompanied by affidavits as required under the case law. This point of error is overruled.

The judgment of the trial court is affirmed.

BLEIL, J., not participating.

## ON MOTION FOR REHEARING

In the motion for rehearing, Guidry contends that this Court erred in finding that there was no evidence that the witness Johnson had been drinking alcohol on the day that the child reported the alleged acts of Guidry. Guidry cites to two portions of testimony to establish that Johnson had been drinking alcohol on the occasion in question. The first cited portion is testimony of the child:

Q. Okay. Was there anything unusual about him that day?

A. No, sir.

Q. He looked to you like he had complete control of his facilities (sic), is that right?

A. (No audible response).

Q. He listened to your story?

A. Yes, sir.

This excerpt from the original trial mentions nothing about alcohol, and the only criticism that might be made of the attorney is that he could have insisted on an audible response.

The second excerpt cited by Guidry was the testimony of the attorney Thompson on the motion for rehearing:

Q. Okay. Now, Mr. Thompson, in [J.G.'s] testimony, I believe there was some questioning as to whether Ricky Johnson had complete control of his facilities (sic), is the way I believe it was put. Do you recall that at all?

A. There was some questioning .. are you referring to alcoholism, or using alcohol, is that correct? That's the only thing I recall about it, there was some question as to whether he had been using alcohol that day.

The most that this testimony adds at rehearing was that there was some question as to whether Johnson had been using alcohol that day. It would not have been beneficial to the case unless it could have been shown by evidence that Johnson was using alcohol to the extent that it impaired his memory of what happened on that occasion. Evidence that there was a question in the mind of the defense attorney about this matter does not demonstrate that Johnson was actually under the influence of alcohol on the day in question.

The motion for rehearing is overruled.