TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00725-CR






Michael L. Dunn, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0962445, HONORABLE LARRY FULLER, JUDGE PRESIDING







 This is an appeal from a conviction for aggravated sexual assault of a child. Tex. Penal
Code Ann. § 22.021(a)(1)(B)(iii) (West Supp. 1998). (1) The indictment charged appellant, Michael L.
Dunn, with the offense of aggravated sexual assault of a child in count one, paragraphs one and two, and
with the offenses of indecency with a child in counts two and three. In a bench trial, appellant entered a
plea of guilty to paragraph two of count one of the indictment. The State waived and abandoned paragraph
one of count one and counts two and three. In accordance with a plea bargain, the trial court assessed
appellant's punishment at 13 years' imprisonment and imposed sentence.

Sole Point of Error



 Appellant advances a single point of error: "The appellant's plea was involuntary because
he received ineffective assistance of counsel preventing him from voluntarily and intelligently making a
decision whether to accept a plea bargain and enter his plea of guilty."

 On October 7, 1998, appellant entered his guilty plea and was duly admonished by the trial
court as to the consequences of his plea. See Tex. Code Crim. Proc. Ann. art. 26.13 (West 1989 &
Supp. 1998). Appellant told the court that he was pleading guilty because he was guilty. Appellant took
the witness stand and made a judicial confession in the words of the indictment's allegations to which he
had pleaded guilty. He testified that he was satisfied with the representation of his counsel and that he
understood the plea bargain. State's exhibit one was introduced without objection. The exhibit contained
appellant's written judicial confession and included the trial court's written admonishments wherein
appellant stated in writing that his guilty plea was being voluntarily entered.


The Motion For New Trial 



 After retaining new counsel, appellant filed a motion for new trial. The main thrust of the
motion's allegations was that appellant was denied the effective assistance of counsel and that his plea was
involuntary as a result thereof. Appellant claimed that his trial counsel had failed to interview the
complaining child witness, the purported outcry witness, and the mother of the complaining witness,
although counsel had tried to locate the outcry witness. Appellant alleged that since his guilty plea, the
outcry witness was contacted and she indicated that she had doubts about the truth of allegations against
appellant, would not cooperate with the prosecution, and did not intend to make the child available for trial. 
Appellant alleged that he "learned" the same was true of the mother of the complaining witness. Appellant
thus claimed that since he was not informed of the strength of the prosecutor's case his plea was not
voluntary.


The Hearing



 Although the new trial motion was not verified, (2) the trial court afforded appellant a hearing
on the motion. The hearing consisted entirely of colloquy. No evidence or proof was offered in support
of the motion's allegations. The motion was overruled and no complaint is advanced about the manner in
which the hearing was conducted.


Notice of Appeal



 Appellant gave only a general notice of appeal. Generally, a felony defendant who pleads
guilty or nolo contendere and whose punishment does not exceed that recommended in the plea bargain
agreement is not allowed to appeal any matter without the trial court's permission except rulings on pretrial
motions and jurisdictional issues. See Tex. R. App. P. 25.2 (formerly Rule 40(b)(1)); Lyon v. State, 872
S.W.2d 732, 736 (Tex. Crim. App.), cert. denied, 512 U.S. 1209 (1994); Delatorre v. State, 957
S.W.2d 145, 148 (Tex. App.--Austin 1997, pet. ref'd). An exception to the restrictive proviso of former
Rule 40(b)(1) (now Rule 25.2) was found in Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App.
1996), where the challenge on appeal is to the voluntariness of the plea. Therefore, a defendant who
pleads guilty or nolo contendere pursuant to a plea bargain agreement may, without the trial court's
permission, challenge by general notice of appeal (1) jurisdictional errors, and (2) nonjurisdictional errors
that affect the voluntariness of his plea. Delatorre, 957 S.W.2d at 148; Moss v. State, 938 S.W.2d 186,
189 (Tex. App.--Austin 1997, pet. ref'd). Appellant's contention is properly before this Court to address. 
The difficulty is that there is no evidence or proof in the record to support appellant's contention. In fact,
the contrary appears. The State strongly urges that appellant's remedy is an application for a post-
conviction writ of habeas corpus in which proceedings a record may be developed as to the involuntary
plea argument based solely on an ineffective assistance of counsel claim. See Jackson v. State, 877
S.W.2d 768, 772-73, (Tex. Crim. App. 1994) (Baird, J., concurring).

 In light of the appellate record, we cannot appraise appellant's sole point of error. It is
overruled. The judgment of conviction is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: June 18, 1998

Do Not Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The current version of section 22.021(a)(1)(B)(iii) is cited for convenience. It is unchanged from the
former version under which appellant was tried and convicted. See Act of May 29, 1995, 74th Leg., R.S.,
ch. 318, § 7, 1995 Tex. Gen. Laws 2734, 2737, effective September 1, 1995 (the date of the alleged
offense).
2. See Bearden v. State, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983); Guidrey v. State, 896
S.W.2d 381, 387 (Tex. App.--Texarkana 1995, pet. ref'd) (trial court not required to hold hearing when
motion is not verified); 43 George E. Dix and Robert O. Dawson, Criminal Practice and Procedures,
§ 41.23 at 5 (Texas Practice, 1995).



lant filed a motion for new trial. The main thrust of the
motion's allegations was that appellant was denied the effective assistance of counsel and that his plea was
involuntary as a result thereof. Appellant claimed that his trial counsel had failed to interview the
complaining child witness, the purported outcry witness, and the mother of the complaining witness,
although counsel had tried to locate the outcry witness. Appellant alleged that since his guilty plea, the
outcry witness was contacted and she indicated that she had doubts about the truth of allegations against
appellant, would not cooperate with the prosecution, and did not intend to make the child available for trial. 
Appellant alleged that he "learned" the same was true of the mother of the complaining witness. Appellant
thus claimed that since he was not informed of the strength of the prosecutor's case his plea was not
voluntary.


The Hearing



 Although the new trial motion was not verified, (2) the trial court afforded appellant a hearing
on the motion. The hearing consisted entirely of colloquy. No evidence or proof was offered in support
of the motion's allegations. The motion was overruled and no complaint is advanced about the manner in
which the hearing was conducted.


Notice of Appeal