COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





BILLY RAY FORBES,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00140-CR



Appeal from the


15th Judicial District Court


of Grayson County, Texas 


(TC# 047701) 


M E M O R A N D U M O P I N I O N


 Appellant Billy Ray Forbes, was indicted and convicted of aggravated assault of a
peace officer. In two issues, he challenges the legal and factual sufficiency of the jury's
verdict. We affirm.

I

 Prior to the trial on the merits, Appellant sought and received a jury trial on the issue
of mental competency. Appellant was found competent to stand trial. He was later tried and
convicted of the aggravated assault charge as noted, and sentenced by the court to twenty five
(25) years' confinement, enhanced by two prior felonies. The trial testimony revealed that
Appellant's mother, Oletha Davis, was afraid of Appellant and ordered him off her property.
Appellant returned to her house and was seated on the front porch when deputy David Sikes
arrived in a sheriff's vehicle, wearing a deputy's uniform. Sikes requested Appellant to
move to the other end of the porch, he refused, and a scuffle ensued when Sikes placed
Appellant under arrest for criminal trespass. When Sikes reached for his pepper spray,
Appellant struck him in the left side of the face with his fist. The punch stunned Sikes and
knocked him to the ground where Appellant continued punching and kicking Sikes. Sikes
received a blackened eye, lacerations of the face, and chipped teeth.

II

 In reviewing legal sufficiency, the courts look at all of the evidence in the light most
favorable to the prosecution to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Vasquez v. State, 67 S.W.3d
229, 236 (Tex. Crim. App. 2002) (citing Jackson). Legally sufficient evidence supporting
a conviction exists if the court, after reviewing the evidence in the light most favorable to the
prosecution, determines that a rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99
S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

 In determining the factual sufficiency of the elements of an offense, the reviewing

court "'views all the evidence . . . in a neutral light, and sets aside the verdict only if it is

so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.'"
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996)). The court reviews the evidence weighed by the jury that
tends to prove the existence of the elemental fact in dispute and compares it with the
evidence that tends to disprove that fact. Id. We are authorized to disagree with the fact
finder's determination. Id. (citing Clewis, 922 S.W.2d at 133). This review, however, must
employ appropriate deference to prevent an appellate court from substituting its judgment
for that of the fact finder, and any evaluation should not substantially intrude upon the fact
finder's role as the sole judge of the weight and credibility given to witness testimony. Id.
Johnson, S.W.2d at 7. The complete and correct standard a reviewing court must follow to
conduct a Clewis factual sufficiency review of the elements of a criminal offense, asks
whether a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof. Johnson, 23 S.W.3d at 11.

III

 In his argument, Appellant concedes that it is uncontroverted that Appellant assaulted
deputy Sikes. He further concedes Sikes was operating a marked patrol unit and wearing a
distinctive uniform or badge and that he was acting in his official capacity. Appellant
contends he did not have sufficient mental capacity to commit an act that rose to the level of
intentionally or knowingly causing bodily injury. A previous jury found Appellant competent
to stand trial. The trial testimony of Sikes indicated that he and Appellant were standing on
the porch talking. Only when Appellant's mother came on the porch did Appellant become
agitated. Sikes knew nothing of any mental illness of Appellant. Appellant's mother
testified she was afraid of Appellant, that Appellant was getting up at night hollering "I know
you." She also testified that she had not raised Appellant and he was never very fond of her. 
Appellant would come to her if he needed money or cigarettes.

IV

 A culpable mental state is nearly always proven by circumstantial evidence. Dillon
v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978); Parrish v. State, 950 S.W.2d 720, 722
(Tex. App.--Fort Worth 1997, no pet.); Gardner v. State, 736 S.W.2d 179, 182 (Tex. App.--Dallas 1987), aff'd, Gardner v. State, 780 S.W.2d 259 (Tex. Crim. App. 1989). The jury
may infer criminal intent from all the circumstances. Dillon, 574 S.W.2d at 94. Once the
jury has drawn that inference, "it is not for this Court to overturn such an inference, drawn
on the whole of the circumstances, because one witness testified to the possibility that the
inference could be false even though soundly supported by the circumstances." Id. at 95. 
Actions are generally reliable circumstantial evidence of one's intent. Parrish, 950 S.W.2d
at 722; Guidry v. State, 896 S.W.2d 381, 387 (Tex. App.--Texarkana 1995 pet. ref'd); Obigbo
v. State, 6 S.W.3d 299, 305-06 (Tex. App.--Dallas 1999 no pet.). Here the circumstances
show a normal conversion between Sikes and Appellant, who becomes agitated when his
mother made her appearance on the porch. It was abundantly clear Sikes was a deputy acting
in his official capacity, when Appellant repeatedly struck Sikes. Thus, viewing all of the
evidence in the light most favorable to the prosecution, we determine that a rational trier of
fact could have found the essential elements of the offense beyond a reasonable doubt. 
Vasquez, 67 S.W.3d at 236. Appellant's first issue is overruled.

 There is some evidence that questions Appellant's ability to commit the crime
knowingly or intentionally. Specifically, Appellant's mother mentioned Appellant's mental
treatment in Wichita Falls. She also stated that when Appellant got up at night and went
through the house hollering "I know you. I know you," that she opined he was speaking to
evil spirits. "It is a different spirit than what we got." Her other testimony explained that
Appellant was not fond of her, that she did not raise him, and that he only sought her out
when he wanted something. However, none of her testimony, nor that of the other witnesses,
indicated that Appellant could not or did not knowingly or intentionally strike Sikes. We
believe that Appellant's actions are reliable circumstantial evidence of his intent. Parrish,
950 S.W.2d at 722. Therefore, we cannot say a neutral review of all the evidence, both for
and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof. Johnson, 23 S.W.3d at 11.
Appellant's second issue is overruled.

 The judgment is affirmed.

November 21, 2003



 
 DON WITTIG, Senior Justice


Before Panel No. 5

McClure, Chew, and Wittig, JJ.

(Wittig, J., sitting by assignment)


(Do Not Publish)