Michael Raymond Dorman v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-407-CR
&
No. 10-97-408-CR

     MICHAEL RAYMOND DORMAN,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 0619028D & 0623392D
                                                                                                                

O P I N I O N
                                                                                                                

      In Cause No. 10-97-407-CR Appellant Dorman appeals his conviction in Indictment 619028,
for an aggravated sexual assault of a child under 14 years-of-age, and for which he was sentenced
to 20 years in prison.
      In Cause No. 10-97-408-CR Appellant Dorman appeals his conviction in Indictment 623392:
Count 1, for an aggravated sexual assault of a child under 14 years-of-age, and for which he was
sentenced to 25 years in prison, and in Count 2, for indecency with a child-contact, he was
sentenced to 20 years in prison.
      The two cases were tried together; there is one reporter’s record; and the briefs in the two
cases are identical.
      Appellant pled nolo contendere to Count One of Indictment 619028, Aggravated Sexual
Assault of a Child under age 14.
      Appellant pled nolo contendere to Count One of Indictment 623392, Aggravated Sexual
Assault of a Child under age 14; and pled guilty to Count Two of Indictment 623392, Indecency
with a Child-contact.
      Appellant’s pleas of nolo contendere and guilty were open pleas and there was no plea
bargain.
      The trial court found Appellant guilty of Count One, Indictment 619028, Aggravated Sexual
Assault of a Child under age 14; guilty of Count One, Indictment 623392, Aggravated Sexual
Assault of a Child under age 14; and guilty of Count Two, Indictment 623392, Indecency with a
Child-contact.
      The trial court ordered a pre-sentence investigation and after its receipt, sentenced Appellant
to 20 years on Count One, Indictment 619028, Aggravated Sexual Assault of a Child under age
14; to 25 years on Count One, Indictment 623392, Aggravated Sexual Assault of a Child under
age 14; and 20 years on Count Two, Indictment 623392, Indecency with a Child-contact.
      Appellant appeals his convictions on 8 points of error.
      Points 1 through 4 in both cases assert the evidence legally insufficient and factually
insufficient to sustain the convictions in Count One, Indictment 619028; and legally and factually
insufficient to sustain the convictions in Count One, paragraphs 1 and 2 of Indictment 623392.
      Article 1.15, Texas Code of Criminal Procedure, provides that it is necessary for the state to
introduce evidence showing the guilt of a defendant, in addition to his plea of guilty, in order to
sustain a conviction. It is further provided that such evidence may be stipulated.
      Article 27.01(5), Texas Code of Criminal Procedure, provides that a plea of nolo contendere
shall be the same as a plea of guilty, except that such plea may not be used against the defendant
as an admission in any civil suit growing out of the act upon which the criminal case is based.
      The State introduced stipulations of evidence, written on the indictments in each case, and
signed by the State’s attorney, the defendant, and defendant’s attorney, as follows:
Indictment No. 619028
 
In the name and by authority of the State of Texas: The Grand Jurors of Tarrant County,
Texas, duly empaneled and charged to inquire of offenses committed in Tarrant County,
Texas, upon their oaths do present in and to Criminal District Court No. 2 of said
County, that Michael Raymond Dorman, hereinafter called defendant, in the County of
Tarrant and State aforesaid, on or about the 1st day of May 1988, did intentionally or
knowingly cause the penetration of the female sexual organ of Melissa Barrett, a child
younger than 14 years of age who was not the spouse of defendant, by inserting his penis
into her female organ.

      Count Two: [Waived by the State]
      Count Three: [Waived by the State]
 
Be it agreed and stipulated between the State and Defense, that if Melissa Barrett were
called to testify, she would testify under oath as to each and every element in Count One,
Count Two, and Count Three, as set out above.

                                                                   /s/ Christy Jack 
                                                                         State
                                                                   /s/ Michael Dorman 
                                                                         Defendant
                                                                   /s/ Jim Shaw 
                                                                         Defense Attorney


Indictment No. 623392
 
In the name and by authority of the State of Texas: The Grand Jurors of Tarrant County,
Texas, duly empaneled, sworn and charged to inquire of offenses committed in Tarrant
County, Texas, upon their oaths do present in and to Criminal District Court No. 2 in
said County that Michael Raymond Dorman, hereinafter called defendant, in the County
of Tarrant and State aforesaid, on or about the 1st day of August 1991, did intentionally
or knowingly cause a child younger than 14 years of age who was not the spouse of
defendant, to contact the mouth of the defendant.
 
Paragraph Two: It is further presented in and to said court that defendant, in the County
of Tarrant and State aforesaid, on or about the 1st day of August 1991, did intentionally
or knowingly cause the penetration of the female sexual organ of Melissa Barrett, a child
younger than 14 years of age who was not the spouse of said defendant, by inserting his
penis into the female sexual organ of Melissa Barrett.

      Count Two: [Waived by the State]
      Count Three: [Waived by the State]
 
Be it agreed and stipulated between the State and the Defense that if Melissa Barrett were
called to testify, she would testify under oath as to each every element in Count One,
paragraphs 1 and 2, Count Two and Count Three, as set out above.

                                                                   /s/ Christy Jack 
                                                                         State
                                                                   /s/ Michael Dorman 
                                                                         Defendant
                                                                   /s/ Jim Shaw 
                                                                         Defense Attorney

      The written stipulations of evidence agreed to by both parties were not required to admit the
truth of the prosecution’s evidence, and could be properly read in conjunction with the indictments
upon which they were subscribed. These stipulations which embraced every element of the
offenses charges were legally and factually sufficient to support Appellant’s pleas of nolo
contendere to all counts of aggravated sexual assault of a child under 14, as alleged in the two
indictments. Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); Wright v. State, 930
S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.); Burger v. State, 920 S.W.2d 433, 436 (Tex.
App.—Houston [1st Dist.] 1996, pet ref’d).
      Moreover, the pleas of nolo contendere waived all non-jurisdictional defenses including
contention as to the insufficiency of the evidence. Ex parte Williams, 703 S.W.2d 674, 682 (Tex.
Crim. App. 1986).
      Points 1 through 4 are overruled in both cases.
      Point 5 asserts in both cases the trial court erred in denying Appellant’s motion for a new trial
because the motion for new trial lacked a verification and an affidavit. Appellant’s motions for
a new trial in both cases were signed pro se and contained the following verification:
I understand under the penalties of perjury and under the penalties of perjury I swear that
the foregoing statements are true and correct to the best of my knowledge. (28 U.S.C.
1746)

      Section 132.003, Texas Practice & Remedies Code, requires the declaration to be substantially
as follows:
I being presently incarcerated in (Texas Department of Corrections Unit
name or County Jail name) in County, Texas, declare under penalty of perjury
that the foregoing is true and correct.

      The affidavit made by Appellant “to the best of my knowledge” is a qualified verification and
is insufficient. State v. Moore, 774 S.W.2d 711, 715 (Tex. App.—El Paso 1998, no writ); Guidry
v. State, 896 S.W.2d 381, 387 (Tex. App.—Texarkana 1995, writ ref’d); DeGay v. State, 923
S.W.2d 847, 855-58, writ ref’d).
      The trial court overruled Appellant’s motion for new trial on the basis that it lacked proper
verification and on the merits of the motion. As will be demonstrated under points 6, 7 and 8,
there was no merit to the motion for new trial.
      Point 5 is overruled in both cases.
      Points 6, 7 and 8 in both cases assert the trial court erred in overruling Appellant’s motion
for new trial because Appellant received ineffective assistance of counsel: (1) in that counsel did
not make an independent investigation of the case; (2) in that counsel represented to Appellant that
he would receive probation or ten years in prison if he pled nolo contendere, and thus his pleas
were not voluntary; and (3) in that counsel did not object to the pre-sentence investigation that
contained matters produced by use of a plethysmograph.
      The granting of a motion for new trial on the ground of ineffective assistance of counsel is a
matter within the trial court’s discretion. Messer v. State, 757 S.W.2d 820, 827 (Tex.
App.—Houston [1st Dist.] 1988, pet ref’d).
      Strickland v. Washington, 466 U.S. 668 and Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986), set the standards for analyzing a claim of ineffective assistance of counsel. 
These cases adopted a two-pronged analysis for claims of ineffective assistance. Under the first
prong, the defendant must show that counsel’s performance was deficient by norms of the
community to the extent that counsel failed to function as the “counsel” guaranteed by the Sixth
Amendment to the U.S. Constitution. Strickland, at 687. Under the second prong the defendant
must show that counsel’s performance prejudiced the defense. To show prejudice the defendant
must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the
results of the proceeding would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. at 694. The burden of proving ineffective
assistance is on the defendant and it must be proved by a preponderance of the evidence. Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). And when reviewing a claim of
ineffective assistance, a court must indulge a strong presumption that counsel’s conduct falls
within a wide range of reasonable professional assistance; that is, the defendant must overcome
the presumption that, under the circumstances, the challenged action or omission “might” be
considered sound trial strategy. Jackson V. State, 877 S.W.2d 768 (Tex. Crim. App. 1994).
      The standard for evaluating a punishment phase “ineffective counsel” claim is the reasonably
effective assistance standard of Ex parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980). 
The test is whether counsel was reasonably likely to render effective assistance and whether
counsel reasonably rendered effective assistance.
      While the reviewing court looks to the totality of the representation, under some
circumstances a single error or omission by counsel can constitute ineffective assistance. Ware
v. Ware, 875 S.W.2d 432, 434-36 (Tex. App.—Waco 1994, pet ref’d). And when the record is
void of anything which reflects counsel’s reasoning, or lack thereof, to rebut the presumption that
counsel’s action constituted trial strategy, a claim of ineffective assistance of counsel must fail. 
Jackson v. State, supra at 771.
      Appellant asserts in point 6 that counsel did not investigate the facts of his case, but at the
hearing on his motion for new trial, Appellant testified that he did not know whether counsel had
investigated his case or not, and that he based his contention on the fact that counsel had never
discussed the details of his investigation with him.
      Appellant asserts in point 7 that counsel rendered ineffective assistance by representing to him
that he would receive probation or a ten-year prison sentence, and thus his pleas were not
voluntary.
      Appellant testified at the hearing on his motion for new trial that his counsel told him he
would receive probation or at most ten years in prison if he pled nolo contendere.
      Defendant was admonished by the trial judge on the range of punishment if he was found
guilty, and acknowledged at the hearing on his motion for new trial that he understood at the time
of his pleas that final decision as to punishment was with the judge and not his counsel.
      Statements made to Appellant by his counsel about the punishment he might expect if he pled
no contest simply constituted counsel’s predictions, albeit erroneous, about the logical outcome
of certain trial strategy. In view of the clear admonitions by the trial judge before the pleas, which
Appellant and his counsel admitted they understood, Appellant cannot credibly contend his plea
was involuntary and that he was denied effective assistance of counsel. Messer v. State, 757
S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) is almost identical to the
instant case on its facts and in its holding.
      Appellant has failed to show that the trial court abused its discretion in overruling his motion
for new trial on the grounds of ineffective assistance of counsel in points 6 and 7.
      Appellant contends in point 8 that his counsel was ineffective for failing to object to the pre-sentence investigation report that contained matters produced by use of a plethysmograph.
      Appellant did not raise this contention in his motion for a new trial. His trial counsel was not
a part of his defense when the motion for new trial was prepared or litigated. In such situation
failure to raise the contention of ineffective assistance of counsel in the motion for new trial waives
the same. Henderson v. State, 962 S.W.2d 544, 558 (Tex. Crim. App. 1997).
      Points 6, 7 and 8 in both cases are overruled.
      The judgments in both cases are affirmed.
                                                                               FRANK G. McDONALD
 Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 2, 1998
Do not publish