Greg William Holden v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-349-CR

     GREG WILLIAM HOLDEN,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 1999-360-C
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      The State alleged that, in the course of being arrested, Greg William Holden head-butted one
of the arresting officers. He was indicted for intentionally, knowingly, or recklessly causing
bodily injury to a police officer, a third degree felony. Tex. Pen. Code Ann. § 22.01(b)(1)
(Vernon Supp. 2002). A jury convicted him and assessed punishment at four years in prison.
      On appeal, Holden complains that:
      1.   The trial court erred by refusing to give a jury instruction on “necessity,” in that
Holden’s actions in struggling with police, during which the head-butting may have
occurred, were necessary to keep from being placed in the patrol car where he feared he
would have a heart attack.
 
      2.   Negative admonishments by the judge to Holden and his father when they testified were,
taken together, unfairly prejudicial, because the admonishments implied to the jury that
the court did not find the witnesses credible.
 
      3.   The court should have allowed testimony about Holden’s telephone conservation with a
police detective, which occurred just before his arrest, because it was not hearsay.
 
We will affirm the judgment.
Issue One
      Holden requested a jury instruction on the defense of “necessity.” Tex. Pen. Code Ann. §
9.22 (Vernon 1994). This defense justifies criminal conduct when the defendant violates the literal
language of a criminal statute to avoid a harm greater than that caused by committing the crime. 
Young v. State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999). Holden said he struggled with the
officers, during which he may have head-butted one of them, because he was afraid if he was
placed, handcuffed, into the patrol car, he would not get enough air and would have a heart attack. 
Holden had a history of heart problems.
      A trial court must charge the jury on any defensive issue raised by the evidence, "regardless
of its substantive character." Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997);
McGarity v. State, 5 S.W.3d 223, 226 (Tex. App.—San Antonio 1999, no pet.). The evidence
supporting the defense need not be persuasive to the court:
A defendant is entitled to an affirmative defensive instruction on every issue raised by the
evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and
even if the trial court is of the opinion that the testimony is not entitled to belief. The
defendant's testimony alone may be sufficient to raise a defensive theory requiring a
charge. 

Brown, 955 S.W.2d at 279 (quoting Williams v. State, 630 S.W.2d 640, 643 (Tex. Crim. App.
1982)). 
This rule is designed to insure that the jury, not the judge, will decide the relative
credibility of the evidence. [citation omitted] When a judge refuses to give an instruction
on a defensive issue because the evidence supporting it is weak or unbelievable, he
effectively substitutes his judgment on the weight of the evidence for that of the jury.
[citation omitted] The weight of the evidence in support of an instruction is immaterial. 

Id. (quoting Woodfox v. State, 742 S.W.2d 408, 409-10 (Tex. Crim. App. 1987)).
      However, to claim “necessity,” the defendant must first admit violating the criminal statute,
after which he offers “necessity” as a justification. Young, 991 S.W.2d at 838. A defendant
cannot establish that his conduct was justified without first admitting that the predicate act, i.e.,
the crime, occurred. Maldonado v. State, 902 S.W.2d 708, 712 (Tex. App.—El Paso 1995, no
writ) (citing Trotty v. State, 787 S.W.2d 629, 630 (Tex. App.—Fort Worth 1990, no writ)). The
merits of the defense are assessed from the standpoint of the defendant; therefore, he must admit
to committing the offense and then explain why he did so, i.e., the necessity. Leach v. State, 726
S.W.2d 598, 600 (Tex. App.—Houston [14th Dist.] 1987, no writ). 
      Here, when asked by the prosecutor: “Did you hit anybody’s head with your head?,” Holden
answered: “Not at all, that I’m aware of, no. sir.” However, the next day, when asked by his own
counsel: “[I]s it possible that, at that time, that you collided heads with Officer Etchison?,”
Holden replied: “It’s possible. [Q] Do you remember colliding with him? [A] Not at all.” But
then on cross-examination, Holden again said: “To the best of my knowledge, no I didn’t [butt
heads with the officer].” The State argues this is not a sufficient admission of the offense to
invoke the “necessity” defense. Holden urges us, without authority, to adopt a new rule that when
the defendant’s testimony is “in between” admission and denial, the defense may apply.
      Holden’s argument does not comport with well-established case law. See cases cited supra. 
The defendant “must admit he committed the offense and then offer necessity as a justification.” 
Young, 991 S.W.2d at 839. In Young, the defendant raised issues about whether he had the
requisite “intent” to commit the offense and whether he performed the actions the State alleged. 
Id. The Court held he was not entitled to claim the protection of “necessity.” Id. But Holden
never unequivocally admitted head-butting the officer. His testimony left open the possibility that
he did not. He also called two eye-witnesses to testify they did not see a head-butting. In
addition, his lawyer argued in closing that the evidence did not support a finding of a head-butting. 
These facts do not constitute the kind of admission of the offense required by the “necessity”
defense.
      We overrule issue one. 
Issue Two
      During the testimonies of Holden and his father, the trial court had to repeatedly admonish
them not to state hearsay and make non-responsive comments. Eventually the court’s
admonishments became harsh. Holden complains that the harsh admonishments violated article
38.05 which prohibits the court from “mak[ing] any remark calculated to convey to the jury his
opinion of the case.” Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).
      Holden did not object during trial that the court was commenting on the credibility of the
witnesses, nor did he make any other objections about the court’s admonishments. We will not
review an unpreserved complaint. Tex. R. App. P. 33.1(a).
      Alternatively, Holden argues that the court committed fundamental error, and therefore the
complaint need not have been preserved. Tex. R. Evid. 103(d). It is true that comments by a
judge before the jury which taint the presumption of innocence constitute fundamental error. Blue
v. State, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000). However, we have reviewed this record,
and although we do not condone all of the comments made in the presence of the jury, we do not
find that the court voiced, expressly or impliedly, an opinion about whether Holden committed the
crime. Therefore, any error was not fundamental.
      We overrule issue two. 
Issue Three
      Just before he was arrested, Holden was having a conversation on his cell phone with a police
detective. He tried to get the arresting officers to talk to the detective, but they refused. At trial,
Holden attempted through several witnesses to introduce testimony about his conversation with
the detective, but the trial court granted the State’s hearsay objections. Holden claims he was not
offering the conversation to prove the truth of the matters asserted in it, and therefore it was not
hearsay.
      Holden did not make an offer of proof, and we do not know from the reporter’s record what
was said during the conversation. When the complaint on appeal is about the court’s exclusion
of evidence, error cannot be found unless the appellant made known to the court the substance of
the evidence, except when the substance is apparent from the context in which the questions were
asked. Tex. R. Evid. 103(a)(2). Neither occurred here. Therefore, the complaint was not
preserved, and we will not review it. Tex. R. App. P. 33.1(a)(1)(B).
      We overrule issue three.
Conclusion
      Having overruled Holden’s three issues, we affirm the judgment.
 
                                                                               BILL VANCE
                                                                               Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 3, 2002
Do not publish

[CR25]



n with the indictments
upon which they were subscribed. These stipulations which embraced every element of the
offenses charges were legally and factually sufficient to support Appellant’s pleas of nolo
contendere to all counts of aggravated sexual assault of a child under 14, as alleged in the two
indictments. Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); Wright v. State, 930
S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.); Burger v. State, 920 S.W.2d 433, 436 (Tex.
App.—Houston [1st Dist.] 1996, pet ref’d).
      Moreover, the pleas of nolo contendere waived all non-jurisdictional defenses including
contention as to the insufficiency of the evidence. Ex parte Williams, 703 S.W.2d 674, 682 (Tex.
Crim. App. 1986).
      Points 1 through 4 are overruled in both cases.
      Point 5 asserts in both cases the trial court erred in denying Appellant’s motion for a new trial
because the motion for new trial lacked a verification and an affidavit. Appellant’s motions for
a new trial in both cases were signed pro se and contained the following verification:
I understand under the penalties of perjury and under the penalties of perjury I swear that
the foregoing statements are true and correct to the best of my knowledge. (28 U.S.C.
1746)

      Section 132.003, Texas Practice & Remedies Code, requires the declaration to be substantially
as follows:
I being presently incarcerated in (Texas Department of Corrections Unit
name or County Jail name) in County, Texas, declare under penalty of perjury
that the foregoing is true and correct.

      The affidavit made by Appellant “to the best of my knowledge” is a qualified verification and
is insufficient. State v. Moore, 774 S.W.2d 711, 715 (Tex. App.—El Paso 1998, no writ); Guidry
v. State, 896 S.W.2d 381, 387 (Tex. App.—Texarkana 1995, writ ref’d); DeGay v. State, 923
S.W.2d 847, 855-58, writ ref’d).
      The trial court overruled Appellant’s motion for new trial on the basis that it lacked proper
verification and on the merits of the motion. As will be demonstrated under points 6, 7 and 8,
there was no merit to the motion for new trial.
      Point 5 is overruled in both cases.
      Points 6, 7 and 8 in both cases assert the trial court erred in overruling Appellant’s motion
for new trial because Appellant received ineffective assistance of counsel: (1) in that counsel did
not make an independent investigation of the case; (2) in that counsel represented to Appellant that
he would receive probation or ten years in prison if he pled nolo contendere, and thus his pleas
were not voluntary; and (3) in that counsel did not object to the pre-sentence investigation that
contained matters produced by use of a plethysmograph.
      The granting of a motion for new trial on the ground of ineffective assistance of counsel is a
matter within the trial court’s discretion. Messer v. State, 757 S.W.2d 820, 827 (Tex.
App.—Houston [1st Dist.] 1988, pet ref’d).
      Strickland v. Washington, 466 U.S. 668 and Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986), set the standards for analyzing a claim of ineffective assistance of counsel. 
These cases adopted a two-pronged analysis for claims of ineffective assistance. Under the first
prong, the defendant must show that counsel’s performance was deficient by norms of the
community to the extent that counsel failed to function as the “counsel” guaranteed by the Sixth
Amendment to the U.S. Constitution. Strickland, at 687. Under the second prong the defendant
must show that counsel’s performance prejudiced the defense. To show prejudice the defendant
must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the
results of the proceeding would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. at 694. The burden of proving ineffective
assistance is on the defendant and it must be proved by a preponderance of the evidence. Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). And when reviewing a claim of
ineffective assistance, a court must indulge a strong presumption that counsel’s conduct falls
within a wide range of reasonable professional assistance; that is, the defendant must overcome
the presumption that, under the circumstances, the challenged action or omission “might” be
considered sound trial strategy. Jackson V. State, 877 S.W.2d 768 (Tex. Crim. App. 1994).
      The standard for evaluating a punishment phase “ineffective counsel” claim is the reasonably
effective assistance standard of Ex parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980). 
The test is whether counsel was reasonably likely to render effective assistance and whether
counsel reasonably rendered effective assistance.
      While the reviewing court looks to the totality of the representation, under some
circumstances a single error or omission by counsel can constitute ineffective assistance. Ware
v. Ware, 875 S.W.2d 432, 434-36 (Tex. App.—Waco 1994, pet ref’d). And when the record is
void of anything which reflects counsel’s reasoning, or lack thereof, to rebut the presumption that
counsel’s action constituted trial strategy, a claim of ineffective assistance of counsel must fail. 
Jackson v. State, supra at 771.
      Appellant asserts in point 6 that counsel did not investigate the facts of his case, but at the
hearing on his motion for new trial, Appellant testified that he did not know whether counsel had
investigated his case or not, and that he based his contention on the fact that counsel had never
discussed the details of his investigation with him.
      Appellant asserts in point 7 that counsel rendered ineffective assistance by representing to him
that he would receive probation or a ten-year prison sentence, and thus his pleas were not
voluntary.
      Appellant testified at the hearing on his motion for new trial that his counsel told him he
would receive probation or at most ten years in prison if he pled nolo contendere.
      Defendant was admonished by the trial judge on the range of punishment if he was found
guilty, and acknowledged at the hearing on his motion for new trial that he understood at the time
of his pleas that final decision as to punishment was with the judge and not his counsel.
      Statements made to Appellant by his counsel about the punishment he might expect if he pled
no contest simply constituted counsel’s predictions, albeit erroneous, about the logical outcome
of certain trial strategy. In view of the clear admonitions by the trial judge before the pleas, which
Appellant and his counsel admitted they understood, Appellant cannot credibly contend his plea
was involuntary and that he was denied effective assistance of counsel. Messer v. State, 757
S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) is almost identical to the
instant case on its facts and in its holding.
      Appellant has failed to show that the trial court abused its discretion in overruling his motion
for new trial on the grounds of ineffective assistance of counsel in points 6 and 7.
      Appellant contends in point 8 that his counsel was ineffective for failing to object to the pre-sentence investigation report that contained matters produced by use of a plethysmograph.
      Appellant did not raise this contention in his motion for a new trial. His trial counsel was not
a part of his defense when the motion for new trial was prepared or litigated. In such situation
failure to raise the contention of ineffective assistance of counsel in the motion for new trial waives
the same. Henderson v. State, 962 S.W.2d 544, 558 (Tex. Crim. App. 1997).
      Points 6, 7 and 8 in both cases are overruled.
      The judgments in both cases are affirmed.
                                                                               FRANK G. McDONALD
 Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 2, 1998
Do not publish