In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-503 CR


____________________



LAUREL ANN DESLATTE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 00-161168






OPINION


 A jury convicted appellant, Laurel Ann Deslatte (1) of the misdemeanor offense of
Theft, Class B. See Tex. Pen. Code Ann. § 31.03(a), (e)(2)(A)(i) (Vernon Supp. 2003). 
The trial court assessed punishment at confinement in the Montgomery County Jail for a
term of one hundred and eighty (180) days, and assessed a fine of $50.00. Deslatte's
immediate incarceration was suspended by the trial court and she was placed on
community supervision for a period of two years. Deslatte's appellate issues read as
follows: 


 The State had a duty to provide exculpatory evidence that would have
changed the outcome of the case.


 

 A. The State failed to provide the medical records from
the jail which was ordered to be produced in the
Court's Discovery Order.


 B. The State suppressed exculpatory evidence by
threatening to prosecute [a] defense witness.


 At the outset, we must admit to some confusion as to Deslatte's approach to
prosecuting this appeal. The wording of her points of error appear to complain of
improper evidentiary rulings or possible pretrial discovery violations on the part of the
State. Yet, she begins the "argument" portion of her brief citing to the standard of review
for the denial of a motion for new trial. With regard to both of her appellate issues, we
find her resorting to her motion for new trial, and denial of same by the trial court, to be
misplaced.

 Deslatte's medical record issue is overruled as the record indicates she obtained all
the relief she requested from the trial court. The record indicates that her discovery
motion was granted as to the medical records from the jail, but for reasons not fully clear
from the record, the jail refused to turn the records over to either Deslatte's trial counsel
or to the State's attorney. Upon timely motion by Deslatte's trial counsel, the court not
only granted the suppression of the medical records in question, but also suppressed any
attempt by the State to introduce evidence of Deslatte's medical condition via the jail
physician. 

 We have held, as have other reviewing courts, that nothing is presented for
appellate review when the record indicates that an appellant has received all the relief
requested from the trial court. See Thompson v. State, 12 S.W.3d 915, 920-21 (Tex.
App.--Beaumont 2000, pet. ref'd); DeGay v. State, 923 S.W.2d 847, 853 (Tex. App.--Beaumont 1996, pet. ref'd). See also Fuller v. State, 827 S.W.2d 919, 926 (Tex. Crim.
App. 1992); Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); Harris v.
State, 784 S.W.2d 5, 16 (Tex. Crim. App. 1989). This appears to be an extension of the
error-preservation rule set out in Tex. R. App. P. 33.1(a). While the rule itself does not
explicitly require an "adverse" ruling by the trial court, it would seem a waste of judicial
resources to interpret it otherwise. Furthermore, we find it improper to attempt to
resurrect error-preservation by using the trial court's denial of the motion for new trial. 
The time for gaining further relief from the trial court in securing the medical records from
the jail was prior to the commencement of the trial, not via the post-conviction route of a
motion for new trial. Finally, we find none of the grounds for the granting of a motion
for new trial apply to the particular circumstances set out in the record. See Tex. R. App.
P. 21.3. Issue I-A is overruled.

 As we appreciate Deslatte's argument under Issue I-B, she is relying on the
provision in Tex. R. App. P. 21.3(e), which requires the granting of a motion for new
trial, "when a material defense witness has been kept from court by force, threats, or
fraud, or when evidence tending to establish the defendant's innocence has been
intentionally destroyed or withheld, thus preventing its production at trial[.]" Deslatte
contends her sister-in-law, Rebecca Leach, who was present in the store when the events
surrounding Deslatte's arrest took place, was somehow prohibited from testifying by the
State. Specifically, Deslatte contends that the State "deliberately suppressed evidence
beneficial to Appellant by threatening Rebecca Leach, who was subpoenaed by defense,
with prosecution." 

 The record indicates the following took place at the beginning of the case-in-chief
for the defense: 

 [Out of the presence of the jury]


 [State]: She has a witness by the name of Rebecca Leach. We would
ask that you admonish her of her rights. She was shopping with her. The
law of parties could conceivably apply in this case.


 THE COURT: Okay.


 [Deslatte's Trial Counsel]: Judge - -


 THE COURT: They want me to admonish her that anything she says
can be used against her in court. If she gets on the stand and testifies, she
might get charged with shoplifting. That is what they want me to admonish
her about.


 [Trial Counsel]: Judge, I feel like it's done as a ploy to make her feel
intimidated about testifying.


 THE COURT: I can't help that. She is entitled to know what her
rights are, if they are thinking they might charge her, too.


 [Trial Counsel]: Can I just go talk to her?


 THE COURT: No, ma'am. You can talk to her at a break. We are
going to get this trial started. 


Whereupon the trial court called Ms. Leach into the courtroom and issued the following
admonishment to her:

 THE COURT: Miss Leach, I need to advise you of your legal rights,
that is, from what I heard yesterday it was apparent that you were
accompanying the Defendant in this case.

 You have the right to remain silent. You cannot be compelled to
testify in this case. Any statement you make can and may be used against
you in a proceeding for the offense of shoplifting if the State decides to
charge you with shoplifting under the law of parties in that you were there
and were participating in this event. 

 Do you understand your rights?


 THE WITNESS (Leach): Yes.


 THE COURT: Okay. Having those rights in mind, are you going to
be willing to go ahead and testify, respond to Counsel's questions?

 If you want to invoke your right to remain silent, then there is no
point in wasting our time. So it's up to you.


 THE WITNESS: I was subpoenaed to come here. I don't want to be
here.


 THE COURT: Being under subpoena doesn't exempt you from being
able to claim your right to remain silent, if you want to. 

 Tell me what you want to do.


 THE WITNESS: I would like to remain silent, if I may.


 THE COURT: I'm going to excuse her from having to testify if she
doesn't want to testify. 

 All right. You may be excused.


Trial counsel then proceeded to call another defense witness and the case-in-chief for the
defense continued. 

 Other than very general case law on the standard of review regarding a motion for
new trial and on the duty of prosecutorial fairness, Deslatte fails to provide any specific
authority in support of her claim that Rule 21.3(e) applies to the particular facts as set out
above. A brief that fails to contain a clear and concise argument for the contention made
with appropriate citations to authorities waives our consideration of that contention. See
Tex. R. App. P. 38.1(h). At any rate, we agree with the State's observation that the record
does not indicate any threats or intimidation of Ms. Leach either on the part of the State
or on the part of the trial court. Cf. Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34
L.Ed.2d 330 (1972). See generally Cathey v. State, 992 S.W.2d 460, 464-65 (Tex. Crim.
App. 1999). Issue I-B is overruled. The judgment and the sentence of the trial court are
affirmed. 

 AFFIRMED.


 PER CURIAM



Submitted on February 20, 2003

Opinion Delivered February 26, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. At trial, appellant testified and spelled her name for the court reporter and the
parties as "Desalatte," with an accent mark over the final "e." Nevertheless, the
Information, Judgment and Sentence, the various instruments filed by appellant's trial
counsel, and appellant's appellate brief all spell her name "Deslatte." As the judgment
uses the "Deslatte" spelling, so will we.